UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1939 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 5, 6, 7 |
| | : | | |
| JENEKIA J. JOHNSON, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DISMISSING THE CASE *SUA SPONTE***

**I.  INTRODUCTION**

The plaintiff, appearing *pro se*, brings this action alleging that the defendant Jenekia J. Johnson intercepted her oral communication by use of a tape recorder in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq.*  She also asserts claims for personal injury, fraud, libel, slander, and defamation.  Because the plaintiff has not served defendant Johnson, the court dismisses the case.

**II.  BACKGROUND**

The plaintiff is a former employee of the Federal Deposit Insurance Corporation ("FDIC"). Compl. ¶ 1.  The plaintiff alleges that on April 14, 2004, defendant Johnson, an intern at the FDIC, told the plaintiff that she had been the victim of a money theft on FDIC property.  *Id.*  The plaintiff and defendant Johnson had a conversation in a closed door office where the plaintiff alleges that she gave defendant Johnson "words of wisdom, examples of her life, advice and quoted a few Bible scriptures as examples."  *Id.*

Following this conversation, defendant Johnson informed James T. Lantelme, the FDIC's Assistant General Counsel, that the plaintiff had made threatening comments to her. *Id.* ¶ 5 & at 21. Lantelme then initiated an investigation pursuant to FDIC policies for addressing workplace violence issues. *Id.* at 22. Douglas Fahey, a contract investigator employed by the Securiguard Corporation, conducted the investigation. *Id.* at 1 & ¶ 4. At Fahey's suggestion, Johnson agreed to place an electronic tape recorder in her purse during her next conversation with the plaintiff. *Id.* ¶ 3 & at 28.

After the recorded conversation, the plaintiff received an e-mail from Fahey requesting an interview regarding her alleged threat against defendant Johnson. *Id.* ¶ 4. The plaintiff's supervisor informed her that failure to cooperate in the investigation could result in disciplinary action. *Id.* ¶¶ 8, 12. Instead of meeting with Fahey, the plaintiff sent an e-mail to the supervisor denying she had threatened defendant Johnson. *Id.* ¶¶ 13-14. The plaintiff's supervisor suspended her for five days without pay. *Id.* ¶ 18.

### III. ANALYSIS

Local Rule 5.1(e) provides, in pertinent part, that a *pro se* plaintiff proceeding *in forma pauperis* "must provide in the caption [of the complaint] the name and full residence address or official address of each party. Failure to provide the address information within 30 days upon filing may result in the dismissal of the case against the defendant." LCvR 5.1(e). Because plaintiff is proceeding *in forma pauperis*, a United States Marshal performed process of service. 28 U.S.C. § 1915(d). The United States Marshal attempted to perform service on defendant Johnson at the address provided by the plaintiff, but was unsuccessful. Thereafter, the court

offered the plaintiff an opportunity to supply a new address by March 19, 2007, but she failed to do so.

The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. *Barmes v. Nolan*, 123 Fed. Appx. 238, 249 (7th Cir. 2005). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

Here, it is undisputed that defendant Johnson has not been properly served under Rule 4(e). Generally, *pro se* plaintiffs who depend on court officers should not be penalized for a court officer's failure to properly effect service of process. *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring). Deference to plaintiffs' *pro se* status cannot justify, however, the exercise of jurisdiction over a defendant who has not been served properly. *Huskey v. Quinlan*, 785 F.Supp. 4, 6 (D.D.C. 1992) (dismissing for lack of personal jurisdiction claims brought by *pro se* plaintiff proceeding *in forma pauperis* because "[n]othing in the record . . . reflects that any of the Defendants have been properly served").

Service of process is also defective because the plaintiff has not complied with the time limits of Rule 4(m) of the Federal Rules of Civil Procedure. That rule provides that the summons and complaint must be served on a defendant within 120 days after the filing of the complaint or the court "shall dismiss the action without prejudice" as to that defendant. FED. R. CIV. P. 4(m). However, courts "shall extend the time for an appropriate period" if the plaintiff shows "good

cause" for failure to effect timely service. *Id.* The plaintiff bears the burden of showing good cause. *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005); *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004).

More than 120 days have passed since the plaintiff filed the complaint. The plaintiff has failed to demonstrate good cause for her failure to provide a correct address for Johnson to effect service in a timely manner. Ignorance of the rules of procedure does not constitute good cause. *Id.* Although *pro se* litigants are given more latitude than represented parties to correct defects in service of process, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 875 (D.C. Cir. 1993), additional time likely will not assist plaintiff. Therefore, the claims against defendant Johnson are subject to dismissal without prejudice pursuant to Rules 4(e) and 4(m).[1]

### IV.  CONCLUSION

For all of the foregoing reasons, the court dismisses the claims against defendant Johnson. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st day of June 2007.

/s/
RICARDO M. URBINA
United States District Judge

---

[1] Because of the court's disposition of defendant Fahey's motion to dismiss, the plaintiff's motions are denied as moot.