IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JENEKIA J. JOHNSON, et.al. )<br>Defendants ) | Civil Action Nos.1:06CV01939<br>Documents No.: 5,6,7 |

## PLAINTIFFS MOTION TO VACATE JUDGE RICARDO M. URBINA'S ORDER AND MEMORANDUM AND OPINION DATED JUNE 1st, 2007

Now Comes, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled complaint and files a *Motion to Vacate Judge Ricardo M. Urbino's Order and Memorandum and Opinion Dated June 1, 2007*. U.S. District Court failed to *apply Rule 5.1*. Constitutional Challenge to Defendants Douglas R. Fahey and Jenekia Johnson, et.al, numerous 18 U.S.C. – code violations of statutes, notice, certification, and intervention before issuance of a ruling, which states that the court must under 28 U.S.C. § 2403, certify to the Attorney General of the United States that there is a Constitutional challenge to a Federal Statute. The U.S. District Court had a duty to follow provisions which required intervention pursuant to 28 U.S.C. § 2403(a), certified to the Attorney General the fact that the Constitutionality of an Act of Congress was drawn into question. See Rule 14.1(e)(v).

I.   JURISDICTION AND VENUE

This Court has both subject matter jurisdiction over this action and personal jurisdiction over Plaintiffs' claims pursuant to Electronic Communication Privacy Act of 1986, Pub. L. No. 99-508, 100 Stat. 1848, Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, tit. III, §§ 801–804, 82 Stat. 211, 9-7.100 Authorization of Applications for Wire, Oral, and Electronic Interception Orders; Privacy Act, 5 U.S.C. § 552a.

**RECEIVED**

JUL 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

A motion to dismiss under Rule 12(b) (6) should be granted only if it appears beyond doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989).

Judge Urbino stated on page 4 of the May 3rd, 2007, order that: "**Although the complaint is prolix, repetitive and confusing at times, its does provide specific <u>details</u> and <u>provides adequate notice of the basis of the plaintiff's claims</u>. The <u>plaintiff's statutory citations</u> and <u>factual allegations</u> <u>provide sufficient notice to the defendants</u> and, <u>thus, the complaint satisfies the requirements of Rule 8(a)</u>**"

## II. DEFENANT JENKEKIA J. JOHNSON CONFIRMED SERVED BY THE U.S. DISTRICT COURT AND SIGNED CERTIFICATION OF RECEIPT AT 1414 COLONY ROAD, OXON HILL, MARYLAND 20748

The U.S. District Court civil docket confirmed that Defendant Jenekia J. Johnson was served by summons on **December 7, 2006**; entered by initials **(JF)** on **December 8, 2006**. Jenekia J. Johnson, Defendant, signed receipt by certified mail dated **June 9, 2007** received at **1414 Colony Road, Oxon Hill, Maryland 20748** which confirms Defendant's address is **correct**, defendant was timely served by the Court. **(See Ex.A)**

Judge Urbina incorrectly stated on page 5 of Plaintiff's complaint filed under case number **06-cv-1933** that Jenekia J. Johnson was not served. Plaintiff also filed a motion to vacate Judges Order under both case numbers **06-cv-1940, 06-cv-1933, 06-cv-1938** as the dismal of Defendants Douglas R. Fahey, Securiguard, USEC, and Steve Kaufer, Workplace Violence Institute are erroneous egregious errors of law in violation of 18 U.S.C.-119, procedures to interception, statutes, permissions, authorities to and including the fact that Douglas R. Fahey impersonated a United States Federal Investigator, didn't have a licensed, or permission as confirmed by the Department of Justice (DOJ) Criminal Division. Judge Urbina is aware that the law requires a subpoena (warrant).

Plaintiff provided evidence with oppositions that the U.S. District Court, Washington, DC confirmed 2004 that no warrants were issued or approved for wiretaps or intercepts.

### III.    ANALYIS

Judge Urbina legal analysis is fatally flawed with errors. The U.S. District Court civil docket confirmed that Defendant Jenekia J. Johnson was served by summons on **December 7, 2006**; entered by initials (JF) on **December 8, 2006**. Jenekia J. Johnson, Defendant, signed receipt by certified mail dated **June 9, 2007** received at 1414 Colony Road, Oxon Hill, Maryland 20748 which further confirms Defendant's address is correct, defendant was timely served by the Court.

Judge Urbina stated on page 2 of a memorandum opinion issued on June 1, 2007, that:

"**Thereafter, the court offered the plaintiff an opportunity to supply a new address by *March 19, 2007*, but she failed to do so.**" Plaintiff never received an offer, order, hearing, memorandum, notification either in writing or verbally issued by Judge Urbina to and including the fact that the docket in under case number(s): **CV-06-1939, 06-1933, 06-1938, or 06-1940** does not provide any evidence of an order being issued to Plaintiff.

Furthermore, Plaintiff confirmed on **July 10, 2007**, by speaking to docket clerk Jackie Frances that no such entry exist on the record of the allege offer or order made by the Court or Judge Urbina to Plaintiff. Ms. Frances stated that a Mr. Jim Moran, a prose Attorney is responsible for said entry and erroneous information made to the docket in Plaintiff's claims in case number(s): *Cv-06-1940, 1938, 1933, and 1939*. Ms. Frances further stated that Mr. Moran's telephone number is **202-354-3373**. Plaintiff was not able to reach Mr. Moran for correction of the docket. A Motion has been filed on July 10, 2007 to correct the docket and reinstate Plaintiff's claims against named defendants under case numbers: CV-06-1938, Cv-06-1933, and Cv-06-1939. Plaintiff was denied her right to an appointment of a Prose Counsel on her behalf by Judge Urbina.

However, Ms. Frances confirmed that a prose Counsel has been allowed to misconstrue facts in her case which has lead to unwarranted dismissals of lawful claims in violation of 18 U.S.C.-119 and related statutes and U.S. Constitutional violations. Plaintiff request that all claims against named defendants are fully reinstated to and including an immediate evidentiary hearing and ruling regarding Douglas Fahey impersonated (unlicensed) contractor use of an illegal unauthorized interception of Plaintiff's oral communication that Judge Urbina confirmed by his own ruling dated May 3rd 2007, that Plaintiff held a conversation inside a closed door office (**reasonable expectation of privacy**) established by Plaintiff.

## IV.    BACKGROUND

Judge Urbina continues to misconstrue background facts in Plaintiffs case. Judge's order dated June 1, 2007 (see cv-06-1939) erroneously construes facts in Plaintiff's complaints under cv-06-1940, 1938, 1933, and 1939. Plaintiff's complaint and statement of facts are clearly stated, on page 14, at Id.,

28. On **April 14, 2004** –Plaintiff was approached by student intern KBeard and Jenekia J. Johnson...."

29. On **April 15, 2004** –Johnson approached Plaintiff and said, "<u>I want to tell you that, I LIED.</u>" Plaintiff was unaware that Jenekia J. Johnson was [<u>"wired" with a Sony tape-recorder inside her purse set for 90 minutes by Doug Fahey (contractor)</u>] Initiated by James T. Lantelme and approved by FDIC management...."

30. On **April 19, 2004** (2:22pm)–Plaintiff received an e-mail from Douglas Fahey (contractor). Fahey requested investigative interview with Plaintiff regarding conversation she had with a 25- year old woman (FDIC student intern Johnson on April 14-15, 2004 which made the intern) <u>"Feel Threaten"</u>

4

31. On **April 19, 2004 (4:04pm)** –Plaintiff sent e-mail to **C. Polvinale** regarding both interns alleged theft. Plaintiff informed Polvinale that she cooperated and provided contractor Douglas Fahey with statement. Carl Polvinale stated that a **bible verse is not a threat**.

32. On **April 20, 2004** –Plaintiff sent letter to the Office of Inspector General regarding Lantelme's alteration, marked through and falsification of her official time and attendance report. IG non-responsive declined to investigate. IG stated that, **"The matter was an employee/supervisor matter."**

33. On **April 21, 2004** –James T. Lantelme e-mailed and hand-carried a memorandum re: Mandatory attendance at Investigative Meeting. Lantelme stated, that: *"I direct you to meet with Mr. Fahey at his office, and I direct you to cooperate in the interview. 'Failure to attend the interview and cooperate will result in disciplinary actions being taken against you."* I was forced, directed; coerce to attend the investigative interview.

34. On **April 21, 2004 (3:49pm)** –Plaintiff e-mailed James T. Lantelme. Plaintiff requested FDICs rules, regulations, policies that ordered, threaten, and coerced employees to attend investigative interviews. Lantelme restated his demand.

35. On **April 22, 2004 (8:26am)**–Donna Schull (Union Representative) requested a delay in meeting. Ms. Schull requested a statement from intern which read: **"What was the charge against Plaintiff, or what specifically were the charges"** Douglas Fahey (contractor) didn't respond to the Union's request for clarity or charges.

36. On **April 22, 2004 (10:29am)** –James T. Lantelme responded to Plaintiff. James T. Lantelme wrote that: **"I have received your emailed, your request is duly noted"** James T. Lantelme threaten Plaintiff with disciplinary actions if she didn't meet with contract employee Douglas R. Fahey.

5

38. On April **26, 2004** –James T. Lantelme e-mailed and hand-carried a memorandum to Plaintiff with an <u>**order, threat of removal if she didn't meet, cooperates with contract employee Douglas Fahey on April 28, 2004**</u> re investigative interview. James Lantelme ending statement read: "<u>**Failure to meet would result in disciplinary actions against you.**</u>"

40. On **April 28, 2004** -Plaintiff e-mailed union officials regarding illegal tape recording <u>**(Interception of Oral Communications 18 U.S.C. - 119, privacy act violations, Identity Theft, etc)**</u>.

41. On **April 29, 2004** – Plaintiff e-mailed union re: Draft summary of investigative interview. Discussed Johnson's recording her own self stating that <u>**she lied on tape**</u> (False Statement), cheated on time and attendance (Federal Fraud); and engaged into a discussion of how Johnson was prohibited to work directly for her "blood relative-nepotism"

43. On **May 11 2004** –Plaintiff sent rebuttal to James Lantelme re: illegal tape recording. *<u>Intern stated that she lied on tape, nepotism of intern working for aunt, defrauding the government</u>*. Douglas R. Fahey (contractor) <u>**expressed embarrassment as intern stated that she lied on tape "self-incrimination"**</u>

47. On **June 1, 2004** –Plaintiff sent letter via e-mail and hand-carried ltr to the FDICs OIG Patricia Black regarding violation of 18 U.S.C., Section 119-Interception of Oral Communication by summer intern and contractor; not Federal Agent as required under Omnibus Street Crime Act, Court Order, and purpose of Federal Crime; not bible verse. OIG was non-responsive.

48. On **June 3, 2004** –B.Howard, FDIC EEO office sent Plaintiff e-mail re: New Allegation. BHoward asked, "**Regarding Johnson wearing a wire that you indicated was approved by Lantelme and Fahey, which you believe was used to entrap you. Did you want me to add that to the allegations that I already have?**"

6

52. On **June 9, 2004** –Plaintiff received ltr. From James T. Lantelme **"Proposed 10-Day suspension from duty without pay"** James T. Lantelme initiated **"Feelings of Threat"** when he asked student intern if she **"Felt Threaten by Yolanda"** Plaintiff quoted a verse from the Bible." The record clearly provides that Plaintiff's suspension was based on the illegal interception of oral communication (tape recording) initiated by Douglas R. Fahey (unlicensed) contractor whom willfully impersonated a United States Federal investigator. Judge Urbina's background and legal analysis inaccurately omits a large portion of relavant facts provided by Plaintiff.

The FDICs Answer to Plaintiff's complaint dated **January 22, 2007**, provides one-hundred and eighteen (118) admissions of facts in support of Plaintiff's complaint.

Plaintiffs' motion to vacate Judges Orders will reinstate unlawful dismissal of Douglas R. Fahey, Jenekia J. Johnson, Securiguard, USEC Services Corporation, Steve Kaufer, Patricia Del Marvil and David Marvil et.al. in continuous violations of 18 U.S.C. -119. Defendant's counsel and the FDIC willfully obstructed justice with knowledge that Douglas R. Fahey was an unlicensed contractor, impersonated a Federal investigator, and violated 18 U.S.C. -119, didn't have a court order, and the Department of Justice (DOJ) Criminal Division confirmed that Douglas R. Fahey didn't have a court order to engage into an interception of Plaintiff's oral communication with the use of a Sony tape recorder that Douglas Fahey placed inside the purse of Jenekia J. Johnson (Defendant).

Therefore, why would the **United States Department of Justice (DOJ)** continue to represent the **Federal Deposit Insurance Corporation (FDIC)** with knowledge, evidence, and facts that Jenekia J. Johnson, Douglas R. Fahey, Steve Kaufer, Patricia Del Marvil and David Marvil hired an unlicensed contract security guard whom violated numerous 18 U.S.C. statutes, the United States Constitution and other violations of law?

### V. PLAINTIFF PROVED CAUSATION

7

It is indisputable that the Federal Deposit Insurance Corporation (FDIC) and named Defendants violated Plaintiff's right under Title VII, age, race, FMLA, disparate treatment, negligence prose and defamation prose, civil and constitutional rights under the law, due process, and other claims filed before the Court.

Plaintiff's original complaint and opposition to defendant's motion to dismiss, clearly provided evidence that Douglas R. Fahey **did not have a licensed**, **was paid under both Securiguard** and **USEC Corporation contracts**, and violated Articles I, VII, **Scope**, **suitability**, **standards of conduct** to and including other articles under the Securiguard contract and Steve Kaufer (CEO), Consultant for the Workforce Violence Institute had no right to accept evidence from an unlicensed security guard, publish, comment, provide a professional psychoanalysis against Plaintiff, publish personal information regarding plaintiff's family members.

### VI.     Negligence Pro se and Defamation Pro se

Plaintiff's claims of *Negligenc Prose*, *Defamation Prose* and an unauthorized *Interception of Oral Communications* are violations of the Omnibus Crime Control and Safe Streets Act of 1968. Title III, §§ 801–804, 82 Stat. 211, 9-7.100, Oral, Wire, Electronic Interception Orders; Privacy Act, 5 U.S.C. § 552a. **Federal Trade Commission Act (FTCA)** § 618. Courts mandate as a matter of law that a violation of the *statute* will constitute **negligence per se**. As such a violation of the statute requires the Court to apply principals of **Negligence per se** and **Defamation per se** in its application of the rules of law. See **Randall David Fischer** v. **Mt. Olive Lutheran Church**, et al. 207 F. Supp.2d 914 (W.D. Wis., March 28, 2002). Specifically, Courts have ruled that a dismissal without an Evidentiary Hearing offends due process is a **"Reversible Error"**. See, Haines vs. Kerner, 404 US 519 (1972) 405 US 948 (1972). The Supreme Court declared that a Federal court *may not* apply a heightened pleading standard to a complaint alleging *statutory violations*. See Branch v. Tunnell, 14 F.3d 449, 450, (9th Cir. 1994).

The Supreme Court has ruled that the "[t]he touchstone of due process is protection of the individual against arbitrary action of **government and private parties**." See County of Sacramento v. Lewis, 523 U.S. 833. See U.S.CONST. Amended. XIV, §1. Douglas R. Fahey and Jenekia J. Johnson denied Plaintiff's rights under the Fourteenth Amendment and Fifth Amendment Due Process clause. See <u>Halinger v. Davis</u>, 146 U.S. 314, 319 (1892). <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976). Plaintiff's original complaint provided evidence, statute, case law, and facts to support that Defendant Douglas Fahey (unlicensed) impersonated a <u>**United States Federal investigator**</u> (<u>**Acting Under the Color of Law**</u>) See Phipps v. Clark Oil & Ref. Corp., 408 N.W.2d 569, 573 (Minn. 1987). Courts have ruled that **<u>defamation per se</u>** are allegations of <u>**serious sexual misconduct**</u>; [*<u>allegations of serious criminal misbehavior</u>*]; or *<u>allegations that a person is afflicted with a loathsome disease</u>*.

<u>**Whereas**</u>, Plaintiffs has demonstrated that she is legally entitled to proceed with her complaint before this Honorable Court for its consideration prior to any final judgment being issued. Defendant's counsel only serve as obstructionist to deny Plaintiff her right to seek restitution in willful violations of 18 U.S.C. -119 and related statutes to and including constitutional violations of Plaintiff.

<u>**Wherefore**</u>, Plaintiff request that Motions to Vacate Orders Dismissing Defendants Douglas R. Fahey, Jenekia J. Johnson, Steve Kaufer, Patricia Del Marvil, David Marvil, Securiguard, and USEC Services Corporation et.al, are reinstated to provide Plaintiff her right to seek restitution, punitive, compensatory, and injunctive relief against named defendants and the Federal Deposit Insurance Corporation (FDIC)(Principal).

Respectfully submitted,

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July 2007, a copy of the foregoing **PLAINTIFFS MOTION TO VACATE JUDGE RICARDO M. URBINA'S ORDER AND MEMORANDUM AND OPINION DATED JUNE 1st, 2007** was mailed by certified mail to named defendants:

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland  20748

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS<br>Plaintiff,<br><br>v.<br><br>JENEKIA J. JOHNSON, et.al.<br>Defendants | )<br>)<br>)<br>) Civil Action Nos.1:06CV01939<br>) Documents No.: 5,6,7<br>)<br>) |

## ORDER

It is upon consideration of <u>**PLAINTIFFS MOTION TO VACATE JUDGE RICARDO M. URBINA'S ORDER AND MEMORANDUM AND OPINION DATED JUNE 1st, 2007**</u> is hereby by Granted on this _____ day of _____, 2007.

_____
Judge

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland  20748

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

11

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jenekia Johnson<br>1414 Colony Road<br>Oxon Hill, MD<br>20748 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 0220 0001 1911 2162 |
| PS Form 3811, February 2004 | Domestic Return Receipt   102595-02-M-1540 |

Ex A.

